

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STANLEY BERNSTEIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:06-CV-209-M |
| | § | |
| CITIGROUP INC. a/k/a | § | |
| CITIGROUP PENSION PLAN, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to Dismiss, in Part and Motion to Stay, in Part, filed March 22, 2006. The Motion is **GRANTED IN PART** and **DENIED IN PART**.

### FACTUAL BACKGROUND

Plaintiff Stanley Bernstein began working for Citigroup, Inc. ("Citigroup") in November 2000, after his previous employer was acquired by Citigroup. At that time, Citigroup merged Plaintiff's previous pension plan into the Citigroup Pension Plan (the "Plan"). In January 2002, Citigroup sold Plaintiff's division to Prudential. In June 2002, Prudential decided to relocate the business to Arizona, and the Plan informed Plaintiff that, if he were to retire, he would receive $991.80 per month as a pension, and his surviving spouse would receive $495.50 per month. Plaintiff states that, relying on this representation, he chose to retire rather than move to Arizona. Defendant began paying Plaintiff these benefits in June 2002.

On June 1, 2004, the Plan advised Bernstein that its earlier calculations were inaccurate,

-1-

and Bernstein was only entitled to $394.33 per month in pension benefits. In the same letter, the

Plan demanded that Bernstein repay $14,936.75 in purported overpaid benefits. Bernstein

retained counsel in June 2004, and he contends that in July and September 2004, his counsel

attempted, without success, to obtain plan documents, calculations, and correspondence.

Plaintiff filed suit on December 7, 2005, in County Court of Law No. 5, of Dallas County,

Texas, asserting various claims under the Employee Retirement Income Security Act of 1974

("ERISA"). Defendant removed the suit to this Court on February 2, 2006, and filed its Motion to

Dismiss on March 22, 2006.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint for

"failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In

considering a Rule 12(b)(6) motion, the complaint must be liberally construed in favor of the

plaintiff, and all well-pled facts in the complaint must be taken as true. *Campbell v. Wells Fargo*

*Bank,* 781 F.2d 440, 442 (5th Cir. 1980). Dismissal is only appropriate if it appears beyond

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him

to relief. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing

*Lowrey v. Texas A & M Univ. Sys.,* 117 F.3d 242, 247 (5th Cir. 1997)). In deciding a motion to

dismiss, a court does not evaluate the plaintiff's likelihood of success; instead, a court only

determines whether the plaintiff has stated a legally cognizable claim. *United States ex rel. Riley*

*v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Plaintiff "must give the

defendant fair notice of the nature of the claim and the grounds upon which the claim rests."

-2-

*Bates v. U.S. Small Bus. Assoc.*, No. 3:01-CV-1614-D, 2004 U.S. Dist. LEXIS 23208, at \*11

(N.D. Tex. Nov. 16, 2004) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002)).

## ANALYSIS

Defendant argues that (1) Plaintiff failed to allege that he exhausted his administrative

remedies, (2) Citigroup is an improper defendant under 29 U.S.C. § 1132(c), (3) Citigroup is an

improper defendant in a claim for benefits, (4) Plaintiff's claims of breach of fiduciary duty and

estoppel should be dismissed, (5) ERISA preempts Plaintiff's state law claims, and (6) Plaintiff's

claim for damages fails under ERISA. The Court will examine each argument separately.

### *1. Exhaustion of Remedies*

Generally, "[c]laimants seeking benefits from an ERISA plan must first exhaust available

remedies under the plan before bringing suit to recover benefits." *Coop. Benefit Admin'rs, Inc. v.*

*Odgen*, 367 F.3d 323, 336 (5th Cir. 2004). This rule is in place, in part, to "encourage the parties

to resolve their dispute at the administrator's level". *See Vega v. Nat'l Life Ins. Servs., Inc.*, 188

F.3d 287, 300 (5th Cir. 1999). Defendant argues that the Court should dismiss or stay Plaintiff's

claims, because he has not alleged that he exhausted the Plan's available remedies.

However, courts have suggested that a plaintiff need not exhaust a plan's administrative

remedies in all situations. *See Amato v. Bernard*, 618 F.2d 559, 568 (9th Cir. 1980).[1] For

---

[1]"We recognize of course that despite the usual applicability of the exhaustion
requirement, there are occasions when a court is obliged to exercise its jurisdiction and is guilty
of an abuse of discretion if it does not, the most familiar examples perhaps being when resort to
the administrative route is futile or the remedy inadequate." *Amato*, 618 F.2d at 568.

instance, if Bernstein shows that the decisionmaker was biased toward him, he may show that administrative remedies are futile. *See Denton v. First Nat'l Bank*, 765 F.2d 1295, 1302 (5th Cir. 1985). If Bernstein can produce evidence that shows the "certainty" of an adverse decision by the Plan, he may show that administrative remedies are futile. *See Commc'ns Workers of Am. v. AT&T*, 40 F.3d 426, 433 (D.C. Cir. 1994).

In *Curry v. Contract Fabricators Inc. Profit Sharing Plan*, the plaintiff's employee benefit plan denied him benefits. 891 F.2d 842, 844 (11th Cir. 1990), *abrogated on other grounds by Murphy v. Reliance Standard Life Ins. Co.*, 247 F.3d 1313, 1315 (11th Cir. 2001). The plaintiff's attorney requested that the plan provide him with the documents supporting the denial of benefits. As of ten months later, the plan had provided neither the documents nor any benefits, so plaintiff filed suit. The district court held that the plaintiff need not exhaust his administrative remedies under the plan, and the Eleventh Circuit panel agreed. After noting that the decision to apply the exhaustion requirement is within the court's discretion,[2] the panel held that

> [T]he district court did not abuse its discretion . . . Until [the plaintiff] could obtain plan documents describing what remedies the plan made available and documenting the reasons that his claim had been denied, he was refused meaningful access to those procedures. [The plaintiff's employer] nevertheless asks us to require that [the plaintiff] exhaust those very procedures to which [the plaintiff's employer] itself denied him access. . . . When a plan administrator in control of the available review procedures denies a claimant meaningful access to those procedures, the district court has discretion not to require exhaustion.

*Curry*, 891 F.2d 846-47; *accord Wilczynski v. Lumbermens Mut. Cas. Co.*, 93 F.3d 397, 403 (7th Cir. 1996).

---

[2]*Accord Hall v. Nat'l Gypsum Co.*, 105 F.3d 225, 231 (5th Cir. 1997) (citing *Curry*, 891 F.2d at 846).

-4-

Here, Bernstein alleges that he requested various plan documents, calculations, and

correspondence from the plan in July 2004, and that the plan never provided them.[3] If Bernstein

proves such facts, he may be entitled to relief.[4] *See Curry*, 891 F.2d at 846-47; *Wilczynski*, 93

F.3d at 403. Therefore, the Court declines to dismiss Bernstein's claims on the ground of failure

to exhaust. *See Causey*, 394 F.3d at 288.


### 2. Failure to Provide Documents

In certain instances, a plan participant may invoke § 1132(c) to claim civil penalties

against a plan administrator. To do so, "the participant must establish (1) that the administrator

was required by ERISA to make available to the participant the information the participant

requested,[5] and (2) that the participant requested and the administrator failed or refused to

---

[3]Defendant states that certain statements in Plaintiff's Complaint are false, noting that "Plaintiff's counsel acknowledged that he received the summary plan description of the Citigroup Pension Plan on October 28, 2005, prior to the filing in state court of his First Amended Petition." Def. Br. at 7. However, Plaintiff's First Amended Complaint states that "Plaintiff . . . repeatedly requested plan documents from Defendant . . . and Defendant wholly failed to respond in any manner whatsoever." Pl. Compl. at 4. At this point in the litigation, the Court must consider the well-pleaded facts in the Complaint as true. *Campbell,* 781 F.2d at 442.

[4]Defendant cites *Meza v. General Battery Corp.*, arguing that a plaintiff is not excused from the exhaustion requirement even if he never received a summary plan description and had no notice of applicable procedures. 908 F.2d 1262, 1278 (5th Cir. 1990). However, the *Meza* panel noted that "[w]e believe that these policies require claimants to make some attempt at obtaining their benefits through the administrative route, or, at the very least, to make some effort to learn of the procedures applicable to them." *Id.* at 1279. Because the plaintiff in *Meza* had never requested plan information, the panel found that he had not exhausted his remedies. *Id.* If Bernstein shows at trial that he requested plan documents or made efforts to learn of the procedures applicable to him, *Meza* will not compel a finding that Plaintiff is required to exhaust his administrative remedies.

[5]*Harris Trust*, discussed below, does not affect the Court's analysis regarding § 1132(c)(1), because that section specifically provides that an "administrator" may be liable. *See*

-5-

provide the information requested before a court will consider imposing a statutory penalty." *Klienhans v. Lisle Sav. Profit Sharing Trust*, 810 F.2d 618, 622 (7th Cir. 1987).

Defendant argues that it is not a plan administrator. Under ERISA, an "administrator" is "the person specifically so designated by the terms of the instrument under which the plan is operated." 29 U.S.C. § 1002(16)(A)(i). Plaintiff admits that the Plan's Administration Committee (the "Committee") is the administrator of the Plan under Section 1.16 of the "Plan's Official Document".[6] Because the Committee is the *de jure* Plan Administrator, an action against the employer is untenable. *See McKinsey v. Sentry Ins.*, 986 F.2d 401, 405 (10th Cir. 1993) ("[B]ecause [the employer] was not the administrator designated by the [plan], plaintiff could not assert a § 1132(c) claim against [the employer]."); *see also Newell v. Aetna Life Ins. Co.*, 3:02-CV-475-M, 2002 WL 1840925, at *3 (N.D. Tex. Aug. 8, 2002) (Lynn, J.); *cf. Fisher v. Metropolitan Life Ins. Co.*, 895 F.2d 1073, 1077 (5th Cir. 1990) (rejecting the argument that the plan insurer should be considered a de facto plan administrator and holding that although a penalty request is left to the court's discretion, § 1132(c) must be strictly construed given its status as a civil penalty provision); *but see Law v. Ernst & Young*, 956 F.2d 364, 372 (1st Cir. 1992); *Rosen v. TRW, Inc.*, 979 F.2d 191, 193-94 (11th Cir. 1992).[7] The Court **GRANTS**

---

*Cavell v. Fidelity Nat'l Financial, Inc.*, 37 Employee Benefits Cas. (BNA) 1920, 2005 U.S. Dist. LEXIS 34685, at *12 n.4 (E.D. Cal. Dec. 21, 2005).

[6]Neither party has provided this document to the Court.

[7]In *Law*, a panel of the First Circuit found that if an entity "assumed and controlled the plan administrator's function of furnishing required information in response to a plan beneficiary's request", a plaintiff could properly sue that entity under § 1132(c), notwithstanding whether it was a "plan administrator" as defined by § 1002(16)(A). *See* 956 F.2d at 372; *accord Rosen*, 979 F.2d at 193-94. The Fifth Circuit, however, has cautioned that "[a]s a penalty provision section 1132(c) must be strictly construed." *Fisher*, 895 F.2d at 1077. Because both

Defendant's Motion as to Plaintiff's claim under § 1132(c) without prejudice.

*3. Claim for Benefits*

Defendant argues that, because Plaintiff seeks payment of individual plan benefits allegedly due, his claim arises exclusively under § 1132(a)(1)(B). Defendant argues that, under that section, Plaintiff may bring suit only against the plan, citing *Madera v. Corporate Solutions, Inc.*, 3:03-CV-2397-L, 2004 WL 2494958, at *3 (N.D. Tex. Nov. 4, 2004) (Lindsay, J.) ("[A] suit seeking to recover benefits or enforce rights under an ERISA plan must be brought against the plan itself.")

While the Fifth Circuit has never directly addressed the question, many Fifth Circuit district courts have held that the only proper defendant under § 1132(a)(1)(B) is the plan itself. *See Madera*, 2004 WL 2494958, at *3; *Cox v. Ark. Best Corp.*, 4:06CV92, 2006 WL 1517584, at *1 (E.D. Tex. May 25, 2006) (Brown, J.); *Powell v. Eustis Eng'g Co.*, Civ. 02-1259, 2003 WL 22533650, at *2 (E.D. La. Nov. 6, 2003) (Engelhardt, J.); *Metro. Life Ins. Co. v. Palmer*, 238 F. Supp. 2d 831, 835 (E.D. Tex. 2002) (Schell, J.); *Roig v. Ltd. Long Term Disability Program*, Civ. 99-2460, 2000 WL 1146522, at *9 (E.D. La. Aug. 4, 2000) (Vance, J.); *Murphy v. Wal-Mart*

---

parties agree that the controlling plan lists the Committee as the plan administrator, plaintiff cannot sue Defendant under § 1132(c). *See McKinsey*, 986 F.2d at 405 ("[I]f a plan specifically designates a plan administrator, then that individual or entity is *the* plan administrator for the purposes of ERISA.") (emphasis in original). Furthermore, even if *Law* and *Rosen* controlled the result, Plaintiff has wholly failed to plead facts that would demonstrate a likelihood that Defendant would be considered a plan administrator.

Plaintiff also contends that because Defendant appointed the members of the Committee, the Court should find the Defendant as a proper party. Plaintiff cites no case law to support this assertion, and it is not supported by the plain text of the statute. *See* § 1132(c); § 1002(16)(A). Even if Defendant appointed the members of the Committee, Plaintiff's claim fails.

*Assocs.' Group Health Plan*, 928 F. Supp. 700, 709-10 (E.D. Tex. 1996) (Heartfield, J.);

*Crawford v. Exxon Corp.*, 851 F. Supp. 242, 244 (M.D. La. 1994) (Polozola, J.); *North v. Dixie*

*Produce & Packaging Co.*, Civ. 90-1516, 1990 WL 124295, at *1 (E.D. La. Aug. 9, 1990)

(Duplantier, J.); *Holloway v. HECI Exploration Co. Employees' Profit Sharing Plan*, 76 B.R.

563, 570 (N.D. Tex. 1987) (Fitzwater, J.). However, other Fifth Circuit district courts have held

that other parties may be sued under § 1132(a)(1)(B). *See Kellebrew v. UNUM Life Ins. Co.*, Civ.

H-06-0275, 2006 WL 1050664, at *2 (S.D. Tex. Apr. 20, 2006) (Atlas, J.) (refusing to dismiss a

claim for benefits against "a plan insurer who actually administers the plan");[8] *Ducre v. SBC-Sw.*

*Bell*, 402 F. Supp. 2d 766, 772 (W.D. Tex. 2005) (Rodriguez, J.) ("Plaintiff has (perhaps

unintentionally) stated a valid cause of action for recovery of benefits against a plan

administrator under § 1132(a)(1)(B)"); *Mello v. Sara Lee Corp.*, 292 F. Supp. 2d 902, 907 (N.D.

Miss. 2003) (Pepper, J.) (refusing to dismiss a claim for benefits against the plan administrator,

sponsor, and trustee); *Sleater v. Boy Scouts of Am.*, 3:01-CV-2097-G, 2002 WL 663563, at *3

(N.D. Tex. Apr. 19, 2002) (Fish, C.J.) (refusing to dismiss a claim for benefits against a plan

administrator, but dismissing such a claim against an employer). This distinction potentially

controls the outcome of the Motion; if a claim under § 1132(a)(1)(B) is only cognizable against

the plan, the Court should grant Defendant's Motion as to Plaintiff's claim for benefits.

    Many district courts allowing § 1132(a)(1)(B) suits only against the plan[9] cite *Gelardi v.*

---

[8]In its Reply Brief, Defendant notes that *Kellebrew* dismissed a plaintiff's benefits claim against its employer. Def. Reply Br. at 7-8. However, the *Kellebrew* court noted that it was proper to do so because the plaintiff's employer did not actually administer the plan. 2006 WL 1050664 at *2.

[9]The cases that rely on *Gelardi* include *Cox*, *Powell*, *Roig*, *North*, *Crawford*, and *Holloway*.

*Pertec Computer Corp.*, 761 F.2d 1323, 1324 (9th Cir. 1985) (per curiam). Without explanation, the panel in *Gelardi* stated that "The only causes of action [the plaintiff] has are those provided by ERISA. 29 U.S.C. § 1144(a). ERISA permits suits to recover only against the plan as an entity, *id.* §§ 1132(a)(1)(B); 1132(d) . . ."

29 U.S.C. § 1144(a) states:

(a)  Supersedure; effective date

Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003 (a) of this title and not exempt under section 1003 (b) of this title. This section shall take effect on January 1, 1975.

29 U.S.C. § 1132(a)(1) states:

(a)  Persons empowered to bring a civil action

A civil action may be brought—

(1) by a participant or beneficiary—

(A) for the relief provided for in subsection (c) of this section, or

(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

29 U.S.C. § 1132(d) states:

(d)  Status of employee benefit plan as entity

(1) An employee benefit plan may sue or be sued under this subchapter as an entity. Service of summons, subpena, or other legal process of a court upon a trustee or an administrator of an employee benefit plan in his capacity as such shall constitute service upon the employee benefit plan. In a case where a plan has not designated in the summary plan description of the plan an individual as agent for the service of legal process, service upon the Secretary shall constitute such service. The Secretary, not later than 15 days after receipt of service under the

preceding sentence, shall notify the administrator or any trustee of the plan of receipt of such service.

(2) Any money judgment under this subchapter against an employee benefit plan shall be enforceable only against the plan as an entity and shall not be enforceable against any other person unless liability against such person is established in his individual capacity under this subchapter.

Although *Gelardi* cites §§ 1144(a), 1132(a)(1)(B), and 1132(d) for support, those sections do not justify the panel's conclusion. Section 1144(a) addresses preemption of state claims, and does not dictate a conclusion as to the proper defendants under § 1132(a)(1)(B). *Cf. Thompson v. UNUM Life Ins. Co.*, 3:03-CV-277-B, 2005 WL 722717, at *4 (N.D. Tex. Mar. 29, 2005) (discussing complete preemption and conflict preemption under § 1144(a)); *Ambulatory Infusion Therapy Specialists, Inc. v. Aetna Life Ins. Co.*, Civ. H-05-4389, 2006 WL 1663752, at *10 (S.D. Tex. June 13, 2006) (discussing conflict preemption under § 1144(a)). Section 1132(a)(1)(B) expressly limits potential *plaintiffs*, but does not expressly limit potential defendants. *See* 29 U.S.C. § 1132 ("A civil action may be brought . . . *by a participant or beneficiary* . . ." (emphasis added)). While § 1132(d) establishes that "An employee benefit plan may . . . be sued under this subchapter," and that such judgments are "enforceable only against the plan", it does not limit potential defendants under § 1132(a)(1)(B). Although §§ 1132(a)(1)(B) and 1132(d), taken together, support the conclusion that a plan is a proper defendant under § 1132(a)(1)(B), they do not support the conclusion that the plan is the *only* proper defendant under that section. *Accord Chapman v. Choicecare Long Island Term Disability Plan*, 288 F.3d 506, 509 (2d Cir. 2002) (noting that §§ 1132(a)(1)(B) and 1132(d) "make plain that a plan can be held liable in its own name for a money judgment".)

In fact, in later cases, the Ninth Circuit has recognized a broader rule than that espoused

-10-

in *Gelardi*. In *Taft v. Equitable Life Insurance Society*, a Ninth Circuit panel found that a

beneficiary could sue a plan administrator under § 1132(a)(1)(B), without citing or addressing

*Gelardi*. 9 F.3d 1469, 1471 (9th Cir. 1994). The panel in *Everhart v. Allmerica Financial Life*

*Insurance Co.* recognized the tension between *Gelardi* and *Taft*, but declined to determine

"which line of cases more accurately states the law". However, in dissent, Judge Reinhardt relied

on Supreme Court and circuit authority to establish that, at least,[10] *Gelardi* was a misstatement of

law. The dissent cited *Harris Trust and Savings Bank v. Salomon Smith Barney*, which

considered proper defendants under § 1132(a)(3). 530 U.S. 238, 246-47 (2000).

In *Harris Trust*, the Court noted that § 1132(a)(3) "admits no limit on the universe of

possible defendants. Indeed, [§ 1132(a)(3)] makes no mention at all of which parties may be

possible defendants – the focus, instead, is on redressing the *act or practice* which violates any

provision of ERISA Title I. Other provisions of ERISA, by contrast, do expressly address who

may be a defendant." *Id.* at 246 (emphasis in original) (citing §§ 1109(a), 1132(l)). The Court

specifically cited § 1132(a) to note "Congress' care in delineating the universe of *plaintiffs* who

may bring certain civil actions". *Id.* at 247 (emphasis in original) (citing § 1132(a) ("A civil

action may be brought . . . by a participant, beneficiary, or fiduciary . . .")); *accord Bombardier*

*Aerospace Employee Welfare Benefits Plan v. Ferrer, Poirot & Wansbrough*, 354 F.3d 348, 354

(5th Cir. 2003) ("Without a doubt, the text of [§ 1132(a)(3)] places limits on the proper *plaintiffs*

. . . . Congress did not see fit, however, to include a similar limitation on the set of proper

*defendants* . . . and we decline the [defendant's] invitation to impose such limits judicially

---

[10]Judge Reinhardt ultimately argued that, in certain instances, a plaintiff can bring suit

against a third-party insurer under § 1132(a)(1)(B). Such a finding would necessarily contradict

*Gelardi*. The Court need not reach that question to decide Defendant's Motion.

today." (emphasis in original)). The Court noted, however, that innocent parties "having no connection to the unlawful act or practice" could still not be successfully sued under § 1132(a)(3), because the plaintiff must still seek "appropriate equitable relief" under that section, and "appropriate" relief would not be available from all possible defendants. *Id.* at 247, 252.

As the *Everhart* dissent notes, like § 1132(a)(3), § 1132(a)(1)(B) does not expressly limit the "universe of possible defendants". 275 F.3d at 757-58; *cf. Bombardier*, 354 F.3d at 354. However, the dissent recognized that "there may be few others [besides the plan] who can be said to owe [a plaintiff] benefits, and thus few others who may be liable under § 1132(a)(1)(B)." *Id.* at 758. The dissent suggests, then, that although there is no *per se* exclusion of any defendants under the express text of § 1132(a)(1)(B), a plaintiff still must show that the defendant is somehow responsible for payment of his benefits. *Accord Blum v. Spectrum Restaurant Group, Inc.*, 4:02-CV-92, 2003 WL 1889036, at *8 (E.D. Tex. Apr. 14, 2003) (Davis, J.) (dismissing an entity under § 1132(a)(1)(B) because it was not the plan, did not control the administration of the plan, and was in no way obligated to pay the benefits under the terms of the plan); *Cooksey v. Metro. Life Ins. Co.*, 3:02-CV-2583-M, 2004 WL 1636973, at *3 (N.D. Tex. June 17, 2004) (Lynn, J.) (dismissing an entity under § 1132(a)(1)(B) because it was not responsible for paying benefits under the terms of the plan).

This reading comports with other appellate decisions that allow plaintiffs to sue parties besides the plan under § 1132(a)(1)(B). *See Leonelli v. Pennwalt Corp.*, 887 F.2d 1195, 1199 (2d Cir. 1989) ("In a recovery of benefits claim, only the plan and the administrators and trustees of

-12-

the plan in their capacity as such may be held liable");[11] *Mitchell v. Eastman Kodak Co.*, 113

F.3d 433 (3d Cir. 1997) (entertaining a suit against the plan administrator to recover benefits

pursuant to § 1132(a)(1)(B)); *Mien v. Carus Corp.*, 241 F.3d 581, 585 (7th Cir. 2001) ("While it

is silly not to name the plan as a defendant in an ERISA suit", "[w]e have allowed cases to

proceed with the company as the named defendant".);[12] *Hall v. LHACO, Inc.*, 140 F.3d 1190,

1194 (8th Cir. 1998) ("[T]he proper party against whom a claim for ERISA benefits may be

brought is the party that controls administration of the plan." (quotation omitted)); *Taft*, 9 F.3d at

1471; *Garren v. John Hancock Mutual Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997) ("The

proper party in an action concerning ERISA benefits is the party that controls administration of

the plan."); *cf. Muscemi v. Schwegmann Giant Super Markets*, 332 F.3d 339, 349 (5th Cir. 2003)

(holding that an employer is a proper party under § 1132(a)(1)(B) if it "was the employer's

decision to deny benefits . . . and when the employer is the plan administrator or sponsor");[13]

*Daniel v. Eaton Corp.*, 839 F.2d 263, 266 (6th Cir. 1988) ("Unless an employer is shown to

control administration of a plan, it is not a proper party defendant in an action concerning

benefits."). In light of *Harris Trust, Bombardier*, the plain text of ERISA, and the abundance of

---

[11]*But see Lee v. Burkhart*, 991 F.2d 1004, 1009 (2d Cir. 1993) (holding that ERISA permits suits to recover benefits only against the plan (citing *Gelardi*, 761 F.2d at 1471)).

[12]*But compare Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1490 (7th Cir. 1996) (holding that a plan is the only proper defendant under § 1132(a)(1)(B)) *with Penrose v. Hartford Life & Accident Ins. Co.*, 02-C-2541, 2003 WL 21801214, at *3 (N.D. Ill. Aug. 4, 2003) ("*Harris Trust and Savings Bank* counsels that *Jass* dictum is no longer good law if it ever was.").

[13]*But see Cunningham v. Petroleum Prof'l Int'l*, Civ. 04-2528, 2006 U.S. Dist. LEXIS 26251, at *11 (W.D. La. Apr. 19, 2006) (Hill, M.J.) (suggesting that an employer is a proper party *only* if it is the employer's decision to deny benefits and if the employer is the plan administrator or sponsor) (citing *Muscemi*, 332 F.3d at 349).

circuit authority authorizing such suits, the Court holds that a claim under § 1132(a)(1)(B) is not *per se* limited to plan defendants.

Alternatively, Defendant urges that suits for benefits are limited to plans and plan administrators.[14] It argues that, because Defendant is not listed in the plan as the plan administrator, Plaintiff's claim for benefits fails.[15] Defendant presumes that the limitations in § 1002(16)(A) serve to cabin potential defendants in an action under § 1132(a)(1)(B), much like it does in an action under § 1132(c). However, unlike § 1132(c), § 1132(a)(1)(B) does not expressly limit claims to plan administrators. In determining whether or not an entity is a proper defendant for the purposes of § 1132(a)(1)(B), courts do not look to the legal status of an entity under § 1002(16)(A); rather, they consider whether an entity actually controls administration of the plan. *See Garren*, 114 F.3d at 187; *Am. Med. Assoc. v. United Healthcare Corp.*, 00Civ.2800(LGG)(GWG), 2002 WL 31413668, at *6 (S.D.N.Y. Oct. 23, 2002) ("Insofar as any of the insurance company defendants in this action actually controlled the distribution of funds and decides whether or not to grant benefits under one of the plans, these entities may be sued as plan administrators."); *Litt v. Paul Revere Life Ins.*, C 04-0561 PJH, 2004 WL 2254679, at *2 (N.D. Cal. Oct. 5, 2004) (refusing to dismiss an entity under § 1132(a)(1)(B) when the complaint alleges that the entity acted as a plan administrator); *cf. Bradley v. Summit Institute for Pulmonary Med. & Rehabilitation*, Civ. 03-1577, 2005 WL 2219284, at *9 (W.D. La. Sept. 13,

---

[14]In the *Everhart* dissent, Judge Reinhardt argues that suits for benefits are not limited to plans and plan administrators. *See* 275 F.3d at 758 (Reinhardt, J., dissenting). The Court need not reach this question.

[15]As noted above, Plaintiff admits that the Committee is the administrator of the Plan under Section 1.16 of the "Plan's Official Document".

2005) (Stagg, J.) (dismissing an entity under § 1132(a)(1)(B) because there was no evidence it played any role in the administration of the plan or the claims); *Sleater*, 2002 WL 663563 (dismissing an employer, noting that the plaintiff had supplied no information indicating that the employer functioned as a plan administrator); *Silvertooth v. UNUM Life Ins. Co.*, 3:99-CV-0519-M, 2001 WL 21262, at \*5 (N.D. Tex. Jan. 8, 2001) (Lynn, J.) (dismissing an employer because it did not control or maintain discretionary authority over the plan); *but see Ford v. MCI Commc'ns Corp. Health & Welfare Plan*, 399 F.3d 1076, 1081-82 (9th Cir. 2005) (holding that, although the defendant determined all questions of eligibility under the plan, it was an improper defendant under § 1132(a)(1)(B) because it was not the *de jure* plan administrator). On the current record, the Court finds that the Defendant has not shown, beyond doubt, that Plaintiff could prove no set of facts that would show that Defendant controlled the administration of the plan; thus, dismissal is inappropriate at this time. *Causey*, 394 F.3d at 288.

In his Response, Plaintiff alternatively requests that the Court grant leave for Plaintiff to add the Committee and The Citigroup Pension Plan as defendants.[16] The Court **GRANTS LEAVE** for Plaintiff to amend his Complaint to add such defendants within thirty days of the date of this Order.

*4. Breach of Fiduciary Duty and Estoppel*

Defendant contends that Plaintiff's claims for breach of fiduciary duty and estoppel[17] are

---

[16]Presently, only Citigroup is joined as a defendant.

[17]The Fifth Circuit recently formally recognized ERISA-estoppel claims in *Mello v. Sara Lee Corp.*, 431 F.3d 440, 444 (5th Cir. 2005) ("We now join other circuits in explicitly adopting ERISA-estoppel as a cognizable theory.")

precluded. Section 1132(a)(3) authorizes suits by a participant, beneficiary or fiduciary "to obtain

other appropriate equitable relief." Plaintiff's claims of breach of fiduciary duty and estoppel are

cognizable, in certain instances, under § 1132(a)(3). *See Varity Corp. v. Howe*, 516 U.S. 489, 507

(1996) (holding that a court may consider a breach of fiduciary duty claim under § 1132(a)(3));

*Local 369 Utility Workers v. NSTAR Elec. & Gas Corp.*, 317 F. Supp. 2d 69, 72 (D. Mass. 2004)

("An ERISA estoppel claim arises under the federal common law and is considered a form of

appropriate equitable relief that is available under Section 1132(a)(3) of ERISA."); *Smith v.

Hartford Ins. Group*, 6 F.3d 131, 137 (3d Cir. 1993) (considering an ERISA estoppel claim under

§ 1132(a)(3)).

Although Plaintiff separately pleads claims for fiduciary duty and estoppel, it is apparent

that Bernstein seeks to recover benefits under the plan through these claims.[18] In *Varity*, the

Supreme Court held that § 1132(a)(3) is a "catchall" provision that acts as a safety net, offering

appropriate equitable relief for injuries caused by violations for which § 1132 does not otherwise

provide an adequate remedy. *Varity*, 516 U.S. at 512; *see Stalls v. Liberty Financial Cos.*, 3:98-

CV-2722-D, 1999 WL 134511, at *3 (N.D. Tex. Mar. 8, 1999) (Fitzwater, J.). Section

1132(a)(1)(B) expressly provides Bernstein with an adequate remedy by allowing him "to

recover benefits due to him under the terms of his plan . . . or to clarify his rights to future

benefits under the terms of the plan". Therefore, Plaintiff cannot assert claims under

_____

[18]Alternatively, if Plaintiff were seeking money damages unconnected to plan benefits, he
could not recover such damages under § 1132(a)(3). *See Great-West Life & Annuity Ins. Co. v.
Knudson*, 534 U.S. 204, 209 (2002) (holding that, in the context of § 1132(a)(3), equitable relief
refers to "those categories of relief that were typically available in equity", and "money damages
are, of course, the classic form of *legal* relief". (emphasis in original)); *see also Verizon
Employee Benefit Comm. v. Adams*, 3:05-CV-1793-M, 2006 WL 66711, at *2-4 (N.D. Tex. Jan.
11, 2006) (Lynn, J.) (examining relief available under § 1132(a)(3)).

§ 1132(a)(3). *See Rhorer v. Raytheon Eng'rs & Constructors, Inc.*, 181 F.3d 634, 639 (5th Cir. 1999) ("[I]t is readily apparent from [the plaintiff's] complaint that her claim to recover plan benefits is the predominate cause of action in this suit. Accordingly, because § 1132(a)(1)(B) affords [her] an avenue for legal redress, she may not simultaneously maintain her claim for breach of fiduciary duty."); *accord Adams v. Prudential Ins. Co.*, Civ. 05-2041, 2005 U.S. Dist. LEXIS 25591, at *3 (S.D. Tex. Oct. 19, 2005) (Rosenthal, J.); *see also Newell v. Aetna Life Ins. Co.*, 3:02-CV-475-M, 2002 WL 1840925, at *2 (N.D. Tex. Aug. 8, 2002) (Lynn, J.). The Court **DISMISSES** Plaintiff's claims under § 1132(a)(3).

Courts may also consider a claim of breach of fiduciary duty under § 1132(a)(2). *See Murphy*, 928 F. Supp. at 709-10. However, remedies for such a breach asserted under that section are owed to the plan, not to individual beneficiaries. *Blum*, 2003 WL 302218, at *2 (citing 29 U.S.C. § 1109 (making fiduciaries "personally liable to make good to such plan any losses to the plan resulting from" breaches of fiduciary duties)). Accordingly, section 1132(a)(2) authorizes recovery by a plan only, not recovery by an individual. *See Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 140-44, (1985); *Tolson v. Avondale Indus., Inc.*, 141 F.3d 604, 610 (5th Cir.1998). It is evident from Plaintiff's Complaint that he is seeking recovery individually; therefore, he cannot base his claim on § 1132(a)(2). The Court **DISMISSES** Plaintiff's claim of breach of fiduciary duty under § 1132(a)(2) with prejudice.

Courts may consider estoppel theories under § 1132(a)(1)(B). *See Jones v. Am. General Life & Accident Ins. Co.*, 370 F.3d 1065, 1069 (11th Cir. 2004). Defendant's argument presumed that Plaintiff's estoppel claim arose under § 1132(a)(3), and did not address it under § 1132(a)(1)(B). Thus, the Court declines to dismiss it.

*5. State Law Claims*

Defendant argues that Plaintiff's state law claims should be dismissed. However, Plaintiff's Complaint states that "Plaintiff's case is based upon ERISA", and in his Response, Plaintiff does not attempt to rely on state law. The Court finds that Plaintiff's Complaint is not governed by state law, and hence finds no state law claims to dismiss.

*6. Damages*

In his Complaint, Plaintiff argues that he "seeks actual damages . . . and additional damages and exemplary damages . . . as allowed by common law and/or statute." The Supreme Court discussed available remedies available under ERISA in *Massachusetts Mutual Life Insurance Co. v. Russell*:

> The six carefully integrated civil enforcement provisions found in § 502(a) of the statute as finally enacted, however, provide strong evidence that Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly. The assumption of inadvertent omission is rendered especially suspect upon close consideration of ERISA's interlocking, interrelated, and interdependent remedial scheme, which is in turn part of a "comprehensive and reticulated statute."

473 U.S. at 146-47; *see also California v. Sierra Club*, 451 U.S. 287, 297 (1981) ("The federal judiciary will not engraft a remedy on a statute, no matter how salutary, that Congress did not intend to provide."). Plaintiff's only remaining claims arise under § 1132(a)(1)(B). Extracontractual damages, or damages that would give a beneficiary more than he is entitled to receive under the strict terms of the plan, are not available under that section. *See Nero v. Indus. Molding Corp.*, 167 F.3d 921, 931 (5th Cir. 1999) (citing *Medina v. Anthem Life Ins. Co.*, 983 F.2d 29, 30 (5th Cir. 1993)); *Corcoran v. United HealthCare, Inc.*, 965 F.2d 1321, 1335 (5th Cir.

1992) (defining extracontractual damages). Therefore, Plaintiff may not recover out-of-pocket

expenses, mental anguish damages, or punitive damages under that section. *See Nero*, 167 F.3d at

931; *Medina*, 983 F.2d at 32. Plaintiff may still claim attorney fees, consistent with § 1132(g)(1),

and the benefits he is entitled to under the strict terms of the plan, consistent with

§ 1132(a)(1)(B). *See Corcoran*, 965 F.2d at 1335; *Angel v. Boeing Co. Retiree Health & Welfare*

*Benefit Plan*, 3:04-CV-1498-D, 2006 WL 1644335, at *1 (N.D. Tex. June 8, 2006) (Fitzwater, J.)

("In an ERISA action, the court in its discretion may allow reasonable attorney's fees to either

party."). To the extent that it encompasses extracontractual damages other than attorney fees,

Plaintiff's claim for damages is **DISMISSED** with prejudice. Defendant's Motion as to this

claim is otherwise **DENIED.**


## CONCLUSION

The Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**. The Court

**DISMISSES** Plaintiff's claims under §§ 1132(a)(2), 1132(a)(3), and § 1132(c) with prejudice.

The Court **DISMISSES** Plaintiff's claims for any extracontractual damages other than attorney

fees, with prejudice. The Motion is otherwise **DENIED.**

The Court **GRANTS LEAVE** for Plaintiff to add the Committee and the Plan as

defendants, within thirty days of the date of this Order.

**SO ORDERED.**

July  5 , 2006.

_____

BARBARA M.G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS